UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITIMORTGAGE, INC.,                                                                              Case No. 1:11-cv-714

       Plaintiff,                                                                              Spiegel, J.
v.                                                                                                      Bowman, M.J.

TODD CHRISTOPHER CRAWFORD,

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff has filed a motion to withdraw the reference of this Adversary Proceeding (Case No. 11-1083) from the Bankruptcy Court for the Southern District of Ohio, Cincinnati Division, back to this United States District Court. (Doc. 2). The Clerk of the Bankruptcy Court transferred Plaintiff's motion to withdraw the reference (which was also filed in the pending bankruptcy case) to the United States District Court for disposition. Pursuant to local practice, because the Defendant initially appeared to be a *pro se* litigant, the pending motion was referred by the presiding district judge to the undersigned magistrate judge. The background of this case was previously summarized in a "show cause" order filed on May 3, 2012, (Doc. 4), but is repeated here for the convenience of the Court.

**I. Background**

In 2009, Defendant Crawford filed a voluntary petition for Chapter 7 bankruptcy in the Bankruptcy Court for the Southern District of Ohio. Plaintiff CitiMortgage filed a motion seeking relief from the automatic stay, and relief was granted by the Bankruptcy Court on August 27, 2009. More than a year later, on January 24, 2011, CitiMortgage filed a

mortgage foreclosure action in the Court of Common Pleas, Butler County ("state court"). In response to the state court foreclosure proceeding, Defendant Crawford and his spouse, through counsel, filed a class action counter-claim with jury demand, asserting among other claims that CitiMortgage had breached a contract with them, made misrepresentations, and violated Ohio's Deceptive Trade Practices Act.  The Crawfords sought to have a putative class certified under Rule 23 of the Ohio Rules of Civil Procedure for "[a]ll Ohio homeowners whose loans have been serviced by Citi and who, have complied with all their obligations under a written TPP [Trial Period Plan] Agreement, but have not received a permanent HAMP [Home Affordable Modification Program] modification."  *See generally* Doc. 2-2 (Answer and Counterclaim).

After being served with the Crawfords' Answer and Counterclaim, CitiMortgage filed a notice of removal of the entire state court foreclosure action to the Bankruptcy Court. The removed litigation was filed as an "Adversary Proceeding" associated with the ongoing Bankruptcy Proceeding, and assigned a new associated case number, Adversary Proceeding No. 11-ap-01083.

Ordinarily, under this Court's General Order of Reference to the bankruptcy courts, all cases that arise "under the Bankruptcy Act and Title 11 of the United States Code," or that are "related to a case under the Bankruptcy Act and Title 11 of the United States Code," are referred to the Bankruptcy Court.  *See* General Order No. 05-02.  However, a district court may withdraw the reference of a proceeding to bankruptcy court either "on its own motion or on timely motion of any party, for cause shown," and a district court "shall" withdraw the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations

or activities affecting interstate commerce." 28 U.S.C. §157(d).[1] CitiMortgage now seeks to withdraw the prior reference of the foreclosure proceeding and related counterclaim from the Bankruptcy Court back to this United States District Court, on both permissive and mandatory grounds.

Although CitiMortgage's motion to withdraw the reference was originally filed in Bankruptcy Court and transferred to this Court in June 2011, it was not docketed as a new case proceeding in this Court until October 12, 2011. Since that time, the motion to withdraw the reference has remained dormant. S.D. Ohio Civ. R. 7.2(a)(2) provides that a memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." Although more than 21 days have passed since the date of service of Plaintiff's motion to withdraw the prior reference of this adversary proceeding from the Bankruptcy Court, in order to have the case proceed instead in this United States District Court, Defendant initially filed no response to the Plaintiff's motion.

For that reason, and because Defendant Crawford had been represented by counsel in other related proceedings, on May 3, 2012 the undersigned issued a "show cause" order to Defendant Crawford, directing him to show cause "why the Plaintiff's motion should not be construed as unopposed and granted for the reasons stated in the motion." The Court directed the Clerk of Court to serve Mr. Crawford's prior counsel with

---

[1] In *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the United States Supreme Court held that 28 U.S.C. §157 was unconstitutional as applied, to the extent that the Bankruptcy Court lacked authority under Article III to enter final judgment on a counterclaim that arose under state law, even though that claim was related to the underlying bankruptcy case. *Stern* arguably provides even stronger support in this case for the withdrawal of the reference over this adversarial proceeding from the Bankruptcy Court, and the return of proceedings to this United States District Court.

3

a "courtesy copy" of the "show cause" order.

Following entry of the Court's May 3, 2012 order, Jack S. Gatlin of Freund, Freeze and Arnold entered his appearance as new counsel and filed a response on Defendant Crawford's behalf.  The response succinctly and clearly states that Defendant Crawford "has no objection to the motion filed by CitiMortgage, Inc. to withdraw the reference." (Doc. 6).

**II. Conclusion and Recommendation**

For the reasons stated in the now-unopposed motion of Plaintiff CitiMortgage to withdraw the reference to the United States Bankruptcy Court and proceed with the litigation in this district court (Doc. 2), **IT IS RECOMMENDED THAT** the motion be **GRANTED**.  For clarification, CitiMortgage should be required to re-file in this record a copy of the foreclosure complaint, the class action counterclaim, and any other pertinent pleadings  originally filed in state court and removed to Bankruptcy Court.  (*See* Doc. 2-2).

        *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITIMORTGAGE, INC.,                                         Case No. 1:11-cv-714

        Plaintiff,                                                 Spiegel, J.
   v.                                                            Bowman, M.J.

TODD CHRISTOPHER CRAWFORD,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).